UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NERRAH BROWN<br>aka Keenan Wilkins,<br><br>        Plaintiff,<br><br>   v.<br><br>J. GALVIN, et al.,<br><br>        Defendants. | No. 2:16-cv-2629 JAM DB P<br><br>ORDER |

      Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

**I.    Application to Proceed In Forma Pauperis**

      Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

      Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.

1

These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

**II.     Screening Requirement**

The in forma pauperis statute provides, "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

**III.    Pleading Standard**

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

////

////

**IV.    Plaintiff's Allegations**

At all times relevant to this action, plaintiff was a state inmate housed at California State Prison in Sacramento, California. Plaintiff names as defendants Kelly Harrington, Director of the California Department of Corrections and Rehabilitation ("CDCR"); Jeff Macomber, Warden; J. Peterson, Associate Warden; Shankland, Associate Warden; J. Galvin, Mailroom Supervisor; J. Knight, Captain; B. Kukrall, Lieutenant; B. Burkhart, Lieutenant; K.M. Porter, Sergeant; M. Voong, Chief of Inmate Appeals; S.K. Hemenway, Appeals Examiner; M. Hodges, Appeals Examiner; C. Burnett, Appeals Coordinator; and Does 1-30. Each defendant is named in his or her official and individual capacity.

Plaintiff's allegations may be fairly summarized as follows:

**A.    Confiscation of Magazines**

This action arises from the December 2014 confiscation of three magazines that allegedly violated the obscenity prohibition of California Code of Regulations, tit. 15, § 3135(d).

In December 2014, plaintiff ordered three magazines that he claims were not on any CDCR restricted list and did not contain any nudity. These magazines included two issues of "Straight Stuntin" (one titled "Limited Edition Pornstar Issue" and the other titled "Troy Ave / India Baby") and one issue of "Phat Puffs." See Compl. Ex. A.

On December 18, 2014, defendant Kukrall signed three CDCR 1819 forms ("Notification of Disapproval – Mail / Packages / Publications") that plaintiff alleges falsely claimed that the "entire publication" or "photos throughout the publication" violated § 3135(d). Compl. Ex. A. On December 19, 2014, defendant Galvin mailed three letters to the publishers of these magazines informing them that their publications violated § 3135 and would therefore not be delivered to plaintiff. Id.

Beginning on December 22, 2014, plaintiff submitted numerous complaints about the confiscation of his magazines and the staff's failure to comply with CDCR policy to (a) identify the specific pages that violate § 3135(d) and/or (b) provide information on how to appeal the confiscation. See Compl. Ex. B. These complaints were forwarded to defendants Galvin and Warden Macomber. While Macomber did not respond, plaintiff heard from defendants Galvin

and Burkhart, each of whom claimed that CDCR policy was followed as to both issues (identification of page numbers and information about appealing the confiscated magazines). See id. Exs. B-C.

### B. Plaintiff's Inmate Appeal

On January 18, 2015, plaintiff filed a CDCR 602 inmate appeal regarding the confiscated magazines. Compl. Ex. D. At the first level of review, defendant Peterson directed defendant Porter to interview plaintiff regarding his claims. The First Level Reviewer's Response partially granted the appeal on April 19, 2015, after concluding that CDCR policies were followed and that any failure to identify specific pages meant that "none of the magazine would be delivered and there were numerous pages that contained images of frontal nudity." Though this decision identifies J. Peterson as the reviewer, it is signed by defendant Shankland.

Plaintiff appealed this decision, and defendant Kukrall conducted an inquiry into plaintiff's claims. Compl. Ex. D. The appeal was then partially granted at the second level of review by defendant Macomber. In light of recently-modified regulations concerning nudity of female breasts, Macomber returned the two issues of "Straight Stuntin" to plaintiff. The issue of "Phat Puffs," however, was not returned and was instead forwarded to the Standardized Procedures Unit for a permanent decision.

Plaintiff appealed this decision on the grounds that Galvin falsely claimed that the "Straight Stuntin" magazines contained nudity; plaintiff also sought to assert the equal protection rights of other inmates who had their magazines confiscated without information relating to the offending pages. Compl. Ex. D.

On September 29, 2015, defendant Voong cancelled plaintiff's appeal on the ground that it was untimely when it was originally submitted. Compl. Ex. G. After plaintiff appealed the cancelation, defendants Hodges and Voong determined that the appeal erroneously canceled and therefore reinstated it. Id.

On April 5, 2016, plaintiff's grievance was denied at the third level of review by defendants Hemenway and Voong, who noted that staff acted appropriately in confiscating the magazines, that the two issues "Straight Stuntin" were returned to plaintiff, and that the magazine

"Phat Puffs" was temporarily disallowed while staff requested that it be placed on the departmentally disapproved publication list.

Plaintiff brings claims for violations of his First Amendment, Due Process and Equal Protection rights. He also accuses the defendants of conspiring to violate his rights. He seeks declaratory and injunctive relief as well as damages.

**V.     Discussion**

**A.     Eleventh Amendment Immunity**

Plaintiff brings suit against the defendants in their official and individual capacities. His official capacity claims for damages, however, are barred by the Eleventh Amendment. See Kentucky v. Graham, 473 U.S. 159, 169-70 (1985) (Eleventh Amendment immunity from damages in federal court action against state remains in effect when state officials are sued for damages in their official capacity).

Although Eleventh Amendment immunity precludes an award of damages against defendants in their official capacities, it "does not bar actions for declaratory or injunctive relief brought against state officials in their official capacity." Austin v. State Indus. Ins. Sys., 939 F.2d 676, 680 (9th Cir. 1991). In addition, plaintiff's request for damages against the defendants in their individual capacities remains intact. See Hafer v. Melo, 502 U.S. 25, 31 (1991) (Eleventh Amendment does not bar suits seeking to impose individual liability upon a government official for actions taken under color of state law).

**B.     Violations of CDCR Policy**

Plaintiff takes issue with the alleged violations of CDCR policy, including the failure of a number of defendants to comply with policy directive to identify specific page numbers that violate the obscenity prohibition of § 3135. Insofar as plaintiff brings suit against any of the defendants for violations of CDCR policy, he is advised that a violation of a prison regulation or policy is not a per se constitutional violation. See Davis v. Kissinger, 2009 WL 256574, *12 n.4 (E.D. Cal. 2009). Thus, complaints that prison officials violated prison policy will not support a § 1983 claim.

////

**C. First Amendment**

Plaintiff asserts a First Amendment claim against defendants Galvin, Macomber, Kukrall, and Burkhart for confiscating magazines that were not on a restricted list and that did not include any nudity.

Inmates have a First Amendment right to receive mail. Prison Legal News v. Lehman, 397 F.3d 692, 699 (9th Cir. 2005). The scope and potency of these rights, however, are "subject to substantial limitations and restrictions in order to allow prison officials to achieve legitimate correctional goals and maintain institutional security." Walker v. Sumner, 917 F.2d 382, 385 (9th Cir. 1990). To determine whether a correctional institution's regulation that "impinges on inmates' constitutional rights" is valid, the court must determine whether that regulation "is reasonably related to legitimate penological interests." Turner v. Safley, 482 U.S. 78, 89 (1987). Turner sets forth a four-factor test that courts must apply in making this determination:

> (1) whether the regulation is rationally related to a legitimate and neutral governmental objective; (2) whether there are alternative avenues that remain open to the inmates to exercise the right; (3) the impact that accommodating the asserted right will have on other guards and prisoners, and on the allocation of prison resources; and (4) whether the existence of easy and obvious alternatives indicates that the regulation is an exaggerated response by prison officials.

Prison Legal News v. Cook, 238 F.3d 1145, 1149 (9th Cir. 2001) ("PLN I") (citing Turner, 482 U.S. at 89–90)).

Liberally construed, plaintiff's allegations plausibly support an inference that defendants Kukrall, Galvin, and Burkhart confiscated and/or retained plaintiff's magazines without justification in violation of his First Amendment rights. Plaintiff's allegations against Macomber, however, fail because plaintiff alleges only that he mailed a complaint to this defendant; there are no facts suggesting that this defendant in fact received or reviewed this complaint.

**D. Due Process**

**1. Confiscation of Magazines**

Plaintiff next contends that his due process rights were violated by defendants Galvin, Macomber, Kukrall, Burkhart, Voong, Knight, Harrington, Porter, Peterson, and Sharklard without the required process and notice.

6

The Due Process Clause also protects prisoners from being deprived of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. "States may under certain circumstances create liberty interests which are protected by the Due Process Clause." Sandin v. Conner, 515 U.S. 472, 483-84 (1995). Liberty interests created by state law are generally limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id.

An unauthorized deprivation of personal property, be it through loss, destruction, or confiscation, does not give rise to a viable claim for relief under the Due Process Clause of the Fourteenth Amendment. Hudson v. Palmer, 468 U.S. 517, 533 (1984); Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994). While authorized, intentional deprivations of property are actionable under the Due Process Clause, see Hudson, 468 U.S. at 532, n.13; Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1985), the Due Process Clause is violated only when the agency "prescribes and enforces forfeitures of property without underlying statutory authority and competent procedural protections," Nevada Dept. of Corrections v. Greene, 648 F.3d 1014, 1019 (9th Cir. 2011) (citing Vance v. Barrett, 345 F.3d 1083, 1090 (9th Cir. 2003)) (internal quotations omitted).

Plaintiff's Due Process claim fails insofar as he contends the confiscation of his magazines was unauthorized. To the extent he argues that it was authorized, he admits and has demonstrated through his attachments to the pleading that he received notice of the confiscation and was able to submit an inmate appeal concerning it. This was all the process that he was due.

### 2. Inmate Appeals

As for any claims against the defendants related to their processing of plaintiff's grievance, plaintiff is hereby informed that "[a prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982) accord Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of

appeals because no entitlement to a specific grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." Azeez, 568 F. Supp. at 10; Spencer v. Moore, 638 F. Supp. 315, 316 (E.D. Mo. 1986).

Actions in reviewing prisoner's administrative appeal cannot serve as the basis for liability under a § 1983 action. Buckley, 997 F.2d at 495. The argument that anyone who knows about a violation of the Constitution, and fails to cure it, has violated the Constitution himself is not correct. "Only persons who cause or participate in the violations are responsible. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation." Greeno v. Daley, 414 F.3d 645, 656-57 (7th Cir. 2005), accord George v. Smith, 507 F.3d 605, 609-10 (7th Cir. 2007); Reed v. McBride, 178 F.3d 849, 851-52 (7th Cir. 1999); Vance v. Peters, 97 F.3d 987, 992-93 (7th Cir. 1996).

Plaintiff seeks to impose liability on every individual involved in the processing of his administrative grievance. This involvement, standing alone, cannot serve as the basis of a constitutional claim against them, though.

**E.     Equal Protection**

The Equal Protection Clause requires that persons who are similarly situated be treated alike. City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439(1985); Hartmann v. California Dep't of Corr. & Rehab., 707 F.3d 1114, 1123 (9th Cir. 2013); Furnace v. Sullivan, 705 F.3d 1021, 1030 (9th Cir. 2013); Shakur v. Schriro, 514 F.3d 878, 891 (9th Cir. 2008). To state a claim, plaintiff must show that defendants intentionally discriminated against him based on his membership in a protected class. Hartmann, 707 F.3d at 1123; Furnace, 705 F.3d at 1030; Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003); Thornton v. City of St. Helens, 425 F.3d 1158, 1166-67 (9th Cir. 2005); Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001). To establish a violation of the Equal Protection Clause, the prisoner must also present evidence of

////

discriminatory intent. See Washington v. Davis, 426 U.S. 229, 239-240 (1976); Serrano, 345 F.3d at 1081-82; Freeman v. Arpio, 125 F.3d 732, 737 (9th Cir. 1997).

Plaintiff contends his equal protection rights were violated by defendants Galvin, Macomber, Kukrall, Burkhart, Voong, Knight, Harrington, Porter, Peterson, and Sharklard because they treated him differently from similarly situated prisoners by (a) failing to identify the page numbers of the offending pages in the magazines when they confiscated them, (b) failing to approve the confiscations by a captain as required by § 3136(a), (c) allowing other inmates (specifically, one Gary Lawless) to possess the exact "Straight Stuntin" issue that was confiscated from plaintiff, and (d) allowing other prisoners to purchase or possess "Phat Puffs" magazine.

Plaintiff's equal protection claim fails because he has not alleged that he is part of a protected class or facts indicating that his disparate treatment was as a result of his membership in a protected class. Merely alleging that someone else received a different treatment than plaintiff, based on different facts does not itself state a violation of the Constitution, even if it seems unfair.

**F.     42 U.S.C. §§ 1985-1986**

Plaintiff alleges that his rights under 42 U.S.C. § 1985 and § 1986 were violated by defendants Galvin, Macomber, Kukrall, Burkhart, Hemenway, Voong, Knight, Harrington, Burnett, Porter, Peterson, Sharklard, and Hodges when they conspired to violate plaintiff's constitutional rights and/or when they failed to act in the fact of evidence of a conspiracy.

A cause of action for conspiracy under 42 U.S.C. § 1985(3) has four elements:

> (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of this conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States.

United Bhd. of Carpenters & Joiners of Am. v. Scott, 463 U.S. 825, 828–29 (1983). "Further, the second of these four elements requires that in addition to identifying a legally protected right, a plaintiff must demonstrate a deprivation of that right motivated by 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action.'" Sever

////

9

v. Alaska Pulp Corp., 978 F.2d 1529, 1536 (9th Cir. 1992) (quoting Griffin v. Breckenridge, 403 U.S. 88, 102 (1971)).

Section 1986 imposes liability on every person who knows of an impending violation of section 1985 but neglects or refuses to prevent the violation." Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 626 (9th Cir. 1988). "A claim can be stated under section 1986 only if the complaint contains a valid claim under section 1985." Id. (citing Trerice v. Pedersen, 769 F.2d 1398, 1403 (9th Cir.1985)).

Since the court finds that plaintiff has not alleged facts to raise his conspiracy claim beyond the level of speculation, both of his claims under 42 U.S.C. § 1985 and § 1986 fail.

## VI. Conclusion

Based on the foregoing, the undersigned finds that plaintiff's complaint states only a First Amendment claim against defendants Kukrall, Galvin, and Burkhart. All other claims and defendants must be dismissed.

The court will grant plaintiff an opportunity to file an amended complaint to cure the noted defects. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Alternatively, plaintiff may forego amendment and notify the court that he wishes to stand on his complaint. See Edwards v. Marin Park, Inc., 356 F.3d 1058, 1064-65 (9th Cir. 2004) (plaintiff may elect to forego amendment). If the latter option is chosen, the undersigned will issue findings and recommendations to dismiss the non-cognizable claims without leave to amend, plaintiff will have an opportunity to object, and the matter will be decided by a District Judge. If plaintiff chooses to amend, he must cure the noted deficiencies.

Finally, plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be

10

an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 5) is granted;

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith; and

3. The Clerk's Office shall send plaintiff a blank complaint form along with a copy of the complaint filed November 3, 2016;

4. Within thirty (30) days from the date of service of this order, plaintiff must file either a first amended complaint curing the deficiencies identified by the court in this order or a notice of election to stand on the complaint;

5. If plaintiff fails to comply with this Order, the court will recommend that all claims and defendants be dismissed for failure to state a claim except plaintiff's First Amendment claim against defendants Galvin, Kukrall, and Burkhart.

Dated: December 26, 2017

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

/DLB7;
DB/Inbox/Substantive/brow2629.scrn

11