UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NERRAH BROWN, a.k.a. KEENAN WILKINS, <br><br> Plaintiff, <br><br> v. <br><br> J. GALVIN, et al., <br><br> Defendants. | No. 2:16-cv-2629 JAM DB P <br><br><br> FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se. The instant action, filed November 3, 2016, seeks relief pursuant to 42 U.S.C. § 1983. (See ECF No. 1). This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

On December 27, 2017, plaintiff was granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. (ECF No. 7). On September 4, 2018, defendants filed a motion to revoke plaintiff's in forma pauperis status on the grounds that he is a three-strikes litigant pursuant to 28 U.S.C. § 1915(g). (See ECF No. 16). Plaintiff filed an opposition to the motion on September 28, 1018. (ECF No. 20). Defendants' reply was filed on October 3, 2018. (ECF No. 21). For the reasons stated below, the court will recommend that defendants' motion to revoke plaintiff's in forma pauperis status be granted and that plaintiff be directed to pay the appropriate filing fee or risk automatic dismissal.

1

I. RELEVANT LAW

    A. 28 U.S.C. § 1915(g): Three Strikes Rule

Section 1915(g) states:

In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

"It is well-settled that, in determining a [Section] 1915(g) 'strike,' the reviewing court looks to the dismissing court's action and the reasons underlying it." Knapp v. Hogan, 738 F.3d 1106, 1109 (9th Cir. 2013) (brackets added) (citation omitted). "[Section] 1915(g) should be used to deny a prisoner's in forma pauperis status only when, after careful evaluation of the order dismissing an action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2006) (brackets added).

    B. Judicial Notice

"A court shall take judicial notice if requested by a party and supplied with the necessary information." Fed. R. Evid. 201(d). "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(1)-(2). A court may take judicial notice of its own records in other cases. See United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

II. DISMISSAL HISTORY OF ALLEGED "STRIKE" CASES

In support of the motion to revoke plaintiff's in forma pauperis status, defendants contend that the following three cases are strikes under the statute and were adjudicated prior to the filing of the instant action: (1) Brown a.k.a. Wilkins v. North County Jail, No. 3:97-cv-2298 MMC (N.D. Cal. Aug. 4, 1997) ("North County Jail"); (2) Wilkins v. County of Alameda, No. 12-16170 (9th Cir. 2012) ("Alameda I"), and (3) Wilkins v. County of Alameda, No. 13-17060 (9th Cir.

2014) ("Alameda II"). See ECF No. 16 at 3-4. The court takes judicial notice of these matters and of the relevant documents filed by defendants herein.

On August 4, 1997, North County Jail, was dismissed in the Northern District of California on the grounds that it failed to state a claim. (See ECF No. 16-2 at 10-11). Thus, it is clear that this counts as a strike pursuant to Section 1915(g).

On August 6, 2012, Alameda I was dismissed by the Ninth Circuit on the grounds that plaintiff was not entitled to in forma pauperis status on appeal because plaintiff's appeal was frivolous. (See id. at 16). The opinion also pointed out that the district court had certified that plaintiff's appeal was not being taken in good faith, and that as a result, the district court had revoked plaintiff's in forma pauperis status.[1] (See id.). "Under the Prison Litigation Reform Act, [in forma pauperis] appeals may not be taken if the trial court 'certifies in writing that it is not taken in good faith'." Knapp v. Hogan, 738 F.3d 1106, 1110 (9th Cir. 2013) (brackets added) (quoting 28 U.S.C. § 1915(a)(3)). Thus, plaintiff's filing of the appeal despite the fact that the district court had certified that plaintiff's appeal was not being taken in good faith constituted a strike as well when the Ninth Circuit also found it to be frivolous, ordered him to pay the filing fee, and ultimately dismissed it.[2]

On March 17, 2014, Alameda II was also dismissed by the Ninth Circuit for failure to pay the filing fee. (See ECF No. 16-2 at 29). This also constitutes a strike under the statute because prior to issuing this order, the district court had once again certified that plaintiff's appeal was not being taken in good faith, and the high court had once again found that plaintiff was not entitled to in forma pauperis status on appeal because his action was frivolous. (See id. at 27-28); see generally Harris v. Mangum, 863 F.3d 1133, 1142 (9th Cir. 2017) (stating style or procedural posture of dismissal is immaterial when determining whether dismissal counts as strike).

////

---

[1] At that time, plaintiff was ordered to pay the filing fee or experience automatic dismissal. (See ECF No. 16-2 at 16).

[2] On its face, the case was dismissed because plaintiff "failed to perfect the appeal" when he failed to pay the filing fee. (See ECF No. 16-2 at 18).

In alignment with Section 1915(g), each of these cases is a prior proceeding that was dismissed on the grounds that it was either frivolous, malicious or failed to state a claim. See 28 U.S.C. § 1915(g). Moreover, the record neither shows, nor does plaintiff allege that he was under imminent danger of serious physical injury at the time he filed this action. (See generally ECF No. 1). Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendants' motion to revoke plaintiff's in forma pauperis status (ECF No. 16) be GRANTED, and

2. Plaintiff be directed to pay the appropriate filing fee or experience dismissal of this action.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, the parties may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 15, 2018

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:13
DB/ORDERS/ORDERS.PRISONER.CIVIL RIGHTS/brow2629.1915g.ifp